United States District Court for the District of Columbia

**United States District Court for the District of Columbia**

Case: 1:26–cv–02647
Assigned To : Unassigned
Assign. Date : 7/22/2026
Description: Pro Se Gen. Civ. (F–DECK)

| | |
|---|---|
| **John Doe, a Private Citizen and natural person proceeding under the protective designation "John Doe" solely to protect his identity, as Next Friend for d.d.d., a civilian and natural person identified by initials solely to protect his identity,**<br><br>Plaintiff,<br><br>v.<br><br>**Jeanine Ferris Pirro, a natural person;**<br>**Todd Blanche, a natural person; and**<br>**The natural person presently serving as Warden of FCI Coleman Camp, in official custodial capacity,**<br><br>Respondents. | Civil Action No. _____<br>**Verified Constitutional**<br>**Complaint in Equity** |

## Verified Constitutional Complaint in Equity

Plaintiff John Doe, a Private Citizen and natural person appearing solely as Next Friend for d.d.d., respectfully presents this verified constitutional complaint in equity and states as follows:

### Introduction

**1.** Plaintiff John Doe is a Private Citizen and natural person.

**2.** Plaintiff proceeds publicly under the protective designation "John Doe" solely to protect his identity from unnecessary public disclosure, retaliation, intimidation, prejudice, or other harm.

**3.** The name "John Doe" is a protective designation only and does not alter Plaintiff's natural identity, capacity, responsibility, good faith, or obligation to present truthful allegations.

**4.** Plaintiff appears solely as Next Friend for d.d.d.

**5.** The restrained natural person is identified publicly by the initials "d.d.d." solely to protect his identity, privacy, personal security, liberty interests, and the integrity of this proceeding.

**6.** The initials "d.d.d." are a protective identifier only and do not alter the restrained person's natural identity, civilian character, interests, or entitlement to meaningful review.

**7.** John Doe is the Plaintiff appearing as Next Friend.

**8.** d.d.d. is the restrained civilian whose continuing physical custody is placed before the Court for equitable review.

**9.** Plaintiff personally knows d.d.d. through a longstanding, direct, genuine, and continuing relationship.

**10.** Plaintiff has maintained meaningful communication with d.d.d. and possesses personal knowledge of d.d.d.'s present restraint, circumstances, expressed interests, and practical inability to appear with the freedom available to an unrestrained person.

**11.** Plaintiff appears because d.d.d. is presently physically restrained at FCI Coleman Camp.

**12.** The restraint materially limits d.d.d.'s ability to investigate, prepare, verify, sign, transmit, file, and pursue a complete presentation without obstruction arising from the restraint itself.

RECEIVED
JUL 22 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

United States District Court for the District of Columbia

13. Plaintiff appears so that the restraint does not become the means by which examination of that restraint is prevented, frustrated, delayed, or rendered ineffective.

14. d.d.d. is a civilian and non enemy combatant.

15. John Doe is likewise a civilian, Private Citizen, and non enemy person.

16. Plaintiff seeks a complete equitable examination of the source, nature, chain, present sufficiency, and continued exercise of the authority asserted for d.d.d.'s restraint.

17. Plaintiff requests that each Respondent identify the authority personally asserted, exercised, communicated, supervised, maintained, implemented, defended, or enforced in connection with the restraint.

18. Plaintiff further requests that the immediate custodian provide a complete custodial return identifying the present basis upon which d.d.d. remains physically restrained.

19. Plaintiff further requests a complete accounting, preservation, restoration, and return of all tangible and intangible property taken, retained, transferred, controlled, used, withheld, or otherwise affected in connection with the restraint of d.d.d.

20. Plaintiff requests that each Respondent state whether that Respondent claims that either d.d.d. or John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force.

21. Should any Respondent make such a claim, Plaintiff requests a particularized showing of the actual facts, conduct, affiliation, direction, mission, evidence, and source upon which that claim depends.

22. This proceeding is directed in personam toward the natural persons responsible for asserting, maintaining, supervising, defending, or executing the challenged restraint.

## Constitutional and Equitable Character of the Proceeding

23. This proceeding concerns the continuing physical restraint of a natural person's liberty.

24. Equity examines substance rather than form.

25. Equity looks beyond titles, labels, summaries, administrative descriptions, assumptions, and procedural appearances to determine the actual nature of a restraint and the authority by which it is maintained.

26. Plaintiff alleges that no natural person should continue restraining another natural person without identifying a presently sufficient, complete, and reviewable basis for doing so.

27. Plaintiff does not ask the Court to presume that authority is absent.

28. Plaintiff asks the Court to require the persons asserting or enforcing custodial authority to disclose, return, establish, and account for the complete basis upon which that authority is presently maintained.

29. The injury presented is not merely historical.

30. It continues each day that d.d.d. remains physically restrained.

31. Days of liberty lost during delay cannot later be restored.

32. Complete and prompt equitable review is therefore necessary to determine whether the restraint may properly continue.

33. Plaintiff seeks relief directed toward the natural persons whose conduct, authority, communication, supervision, or custody gives present effect to the restraint.

34. Equity acts in personam and may direct the persons before the Court to disclose, return, account, preserve, perform, cease, or correct conduct necessary to accomplish complete justice.

## Protective Designations and Private Identification

35. Plaintiff proceeds publicly as "John Doe" because disclosure of his identity is not necessary to determine the substantive questions presented.

**36.** d.d.d. is identified by initials because public disclosure of his complete identity is likewise unnecessary to determine the source and sufficiency of the restraint.

**37.** The protective designations do not conceal either person from the Court.

**38.** Plaintiff is prepared to submit privately sufficient identifying information for both John Doe and d.d.d. should the Court require verification.

**39.** Plaintiff requests that identifying material be received through a protected submission and withheld from unnecessary public disclosure.

**40.** Plaintiff requests that publicly available documents continue to identify the Next Friend as "John Doe" and the restrained civilian as "d.d.d." unless the Court directs otherwise.

**41.** Plaintiff further requests that documents containing either person's complete name, location, personal identifiers, private communications, or other sensitive information be protected from unnecessary disclosure.

**42.** The protective designations preserve the Court's ability to conduct complete review without exposing private identities beyond what review requires.

## Parties

**43.** Plaintiff John Doe is a Private Citizen and natural person appearing solely as Next Friend for d.d.d.

**44.** Plaintiff personally knows d.d.d. through a longstanding and direct relationship.

**45.** Plaintiff's relationship with d.d.d. is genuine, substantial, continuing, and sufficient to provide Plaintiff with personal knowledge of d.d.d.'s restraint, circumstances, communications, wishes, and practical inability to appear freely.

**46.** Plaintiff has maintained direct communication with d.d.d. and understands that d.d.d. desires meaningful review of the continuing restraint upon his liberty.

**47.** Plaintiff's interests are aligned with those of d.d.d.

**48.** Plaintiff's interests are not adverse, divided, commercial, financial, or self serving.

**49.** Plaintiff seeks no personal, financial, proprietary, or collateral benefit from this proceeding.

**50.** Plaintiff appears solely to protect d.d.d.'s expressed interest in liberty and place the continuing restraint before the Court for complete equitable review.

**51.** Respondent Jeanine Ferris Pirro is named as a natural person whose acts, omissions, communications, representations, supervision, participation, or asserted authority concerning the restraint are presented for equitable examination.

**52.** Respondent Todd Blanche is named as a natural person whose acts, omissions, communications, representations, supervision, participation, or asserted authority concerning the restraint are presented for equitable examination.

**53.** The natural person presently serving as Warden of FCI Coleman Camp is named in official custodial capacity as the immediate custodian exercising present physical control over d.d.d.

**54.** The custodial Respondent possesses the present ability to identify the custodial basis, provide a custodial return, preserve and produce relevant records, produce d.d.d., and give practical effect to relief directed by the Court.

**55.** The custodial Respondent is included so that the natural person presently capable of answering concerning the custody and carrying out relief is before the Court.

**56.** Each Respondent is addressed as a natural person responsible for acts, omissions, decisions, assertions, communications, supervision, maintenance, defense, or execution affecting the continuation of the restraint.

United States District Court for the District of Columbia

## Relationship Between John Doe and d.d.d.

**57.** Plaintiff has personally known d.d.d. for a substantial period through a direct and continuing relationship.

**58.** Plaintiff is not a stranger, unrelated volunteer, or person attempting to interfere with d.d.d.'s interests.

**59.** Plaintiff has maintained meaningful communication with d.d.d. and has direct knowledge of his present circumstances.

**60.** Through those communications, Plaintiff understands d.d.d.'s desire that the restraint receive meaningful and complete review.

**61.** Plaintiff knows that d.d.d. remains physically restrained at FCI Coleman Camp.

**62.** Plaintiff knows that the restraint limits d.d.d.'s access to unrestricted communication, records, research materials, confidential assistance, transportation, private consultation, and direct access to the Court.

**63.** The relationship between Plaintiff and d.d.d. is one of trust, concern, communication, and aligned interests.

**64.** Plaintiff acts in good faith and solely for the protection of d.d.d.'s liberty and expressed interests.

**65.** Plaintiff receives no compensation or personal advantage from appearing as Next Friend.

**66.** Plaintiff is prepared to establish privately the nature and duration of the relationship, the history of communication, d.d.d.'s expressed wishes, and the circumstances requiring the Next Friend appearance.

## Capacity and Necessity of the Next Friend

**67.** d.d.d. is presently restrained and lacks the practical freedom available to an unrestrained person to prepare and pursue a complete equitable presentation.

**68.** The same restraint being challenged interferes with d.d.d.'s practical ability to investigate and present the basis of that challenge.

**69.** Plaintiff appears as Next Friend so that the restraint does not prevent meaningful examination of its own source and continuation.

**70.** Plaintiff's appearance is protective, representative, and limited to advancing d.d.d.'s expressed interests concerning the continuing restraint.

**71.** Plaintiff does not claim ownership, control, guardianship, dominion, or personal authority over d.d.d.

**72.** Plaintiff does not seek to replace the voice, will, wishes, or interests of d.d.d.

**73.** Plaintiff seeks to carry d.d.d.'s complaint before the Court because d.d.d. cannot presently do so with complete freedom and equal practical access.

**74.** Plaintiff is prepared to provide the Court privately with information confirming that Plaintiff is a real natural person with a genuine relationship to d.d.d.

**75.** Plaintiff is further prepared to submit a verified declaration describing the relationship, communications, concern, good faith, and necessity supporting his appearance.

## Civilian and Non Enemy Character

**76.** d.d.d. is a civilian and natural person.

**77.** d.d.d. is not an enemy combatant.

**78.** d.d.d. has not taken up arms as part of an enemy force.

**79.** d.d.d. has not entered under enemy military direction to carry out a hostile military mission.

**80.** d.d.d. has not joined, represented, or acted under the command of an enemy military force.

**81.** John Doe is likewise a civilian, Private Citizen, and natural person.

**82.** John Doe is not an enemy combatant.

United States District Court for the District of Columbia

**83.** John Doe does not appear on behalf of an enemy force, hostile military power, belligerent command, or foreign military organization.

**84.** John Doe appears solely as Next Friend for a restrained civilian.

**85.** Plaintiff alleges that civilian character cannot be displaced by implication, silence, suspicion, confinement, correspondence, association, advocacy, or unsupported characterization.

**86.** Plaintiff further alleges that any assertion of enemy character must be stated directly and supported by particularized facts.

**87.** No adverse enemy designation should be presumed merely because d.d.d. is confined.

**88.** No adverse enemy designation should be presumed merely because John Doe seeks equitable review on d.d.d.'s behalf.

**89.** If any Respondent contends that d.d.d. or John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force, that Respondent should identify the specific facts upon which the contention depends.

## Civilian Process Owed to d.d.d.

**90.** As a civilian and non enemy combatant, d.d.d. is owed meaningful civilian process concerning the continuing restraint of his liberty.

**91.** Meaningful process requires clear notice of the asserted basis of the restraint.

**92.** Meaningful process requires a genuine opportunity to answer that asserted basis.

**93.** Meaningful process requires examination by a neutral judicial authority.

**94.** Meaningful process requires access to the actual instruments, records, evidence, and factual assertions upon which continued custody depends.

**95.** The restraint itself should not be permitted to defeat d.d.d.'s practical ability to challenge the restraint.

**96.** Labels, summaries, unexplained records, and conclusory assertions do not substitute for a complete account where physical liberty remains restrained.

**97.** Plaintiff requests an examination sufficient to determine whether d.d.d. has been treated according to his civilian character or subjected to an implied or unsupported enemy characterization.

## Historical Distinction Reflected in Ex parte Milligan and Ex parte Quirin

**98.** Plaintiff presents Ex parte Milligan and Ex parte Quirin to illuminate the historical distinction between a civilian and a person alleged to have acted under enemy military direction.

**99.** In Ex parte Milligan, the restrained person was treated as a civilian who was not serving as part of an enemy military force.

**100.** Milligan reflects the importance of civilian character when examining extraordinary treatment of a person whose liberty is restrained.

**101.** Milligan further reflects that civilian protection cannot be displaced merely by official assertion or exceptional circumstances without examination of the person's actual status.

**102.** Ex parte Quirin arose from materially different alleged circumstances.

**103.** The persons in Quirin were alleged to have acted under enemy direction and to have entered for hostile wartime purposes.

**104.** Quirin therefore concerned alleged enemy belligerent conduct rather than the ordinary civilian character presented here.

**105.** Milligan and Quirin are not interchangeable.

United States District Court for the District of Columbia

**106.** The historical distinction depends upon actual status, conduct, allegiance, direction, mission, and connection to an enemy force.

**107.** An enemy characterization cannot arise from a title, conclusion, implication, unexplained designation, or the mere fact of confinement.

**108.** Plaintiff alleges that d.d.d. falls on the civilian side of the distinction reflected in Milligan and Quirin.

**109.** Plaintiff alleges that John Doe likewise falls on the civilian side of that distinction.

**110.** No facts have been identified showing that d.d.d. entered under enemy command, carried out an enemy mission, joined an enemy military force, or acted as a belligerent.

**111.** No facts have been identified showing that John Doe acted under enemy command, represented an enemy force, or appeared for a hostile military purpose.

**112.** If a Respondent contends otherwise, the asserting Respondent should identify every fact, act, communication, affiliation, instruction, mission, command relationship, and source relied upon.

**113.** Plaintiff requests that the actual status and conduct of d.d.d. and John Doe be examined rather than replaced by unsupported characterization.

## Statement of Present Facts

**114.** d.d.d. is presently confined at FCI Coleman Camp.

**115.** The confinement constitutes an ongoing physical restraint upon liberty.

**116.** The natural person presently serving as Warden maintains immediate physical custody and control over d.d.d.

**117.** The other Respondents are alleged to possess, exercise, communicate, supervise, rely upon, defend, or participate in authority affecting the continuation of that restraint.

**118.** Plaintiff has sought to determine the complete and presently operative basis for the continuing restraint.

**119.** The complete source, chain, scope, and present sufficiency of the asserted custodial authority have not been established through a complete custodial return before this Court.

**120.** The continued restraint depends upon actual and presently sufficient authority rather than assumptions, labels, titles, summaries, administrative references, or incomplete records.

**121.** Complete examination requires identification and production of every instrument, directive, judgment, commitment, warrant, order, certification, delegation, communication, or other asserted basis upon which custody is presently maintained.

**122.** Each natural person participating in continuation of the restraint should identify the authority personally relied upon.

**123.** Plaintiff seeks review of the present and continuing exercise of custodial power.

**124.** The restraint remains active at the time of this presentation.

**125.** Every day of continued restraint creates additional injury that cannot later be fully restored.

**126.** Delay risks rendering eventual relief incomplete.

## Absence of an Adequate Remedy

**127.** Liberty is unique and cannot be replaced by money.

**128.** Time spent under restraint cannot be returned once lost.

**129.** Relief available only after extended delay would not prevent the continuing injury.

**130.** An incomplete remedy would leave unresolved the present authority by which the restraint is maintained.

United States District Court for the District of Columbia

**131.** Equity is necessary because the relief sought requires disclosure, accounting, production, examination, preservation, restraint of conduct, corrective action, restoration, and return of property directed toward the natural persons involved.

**132.** Plaintiff requests complete relief rather than fragmented consideration of isolated portions of the custodial chain or property trail.

## Equitable Principles

**133.** Equity will not suffer a wrong to exist without a remedy.

**134.** Equity acts in personam.

**135.** Equity regards substance rather than form.

**136.** Equity looks to actual conduct and intent rather than labels alone.

**137.** Equity regards as done that which ought to be done.

**138.** Equity delights to accomplish complete justice and not justice by halves.

**139.** A person seeking equity must be prepared to do equity.

**140.** A person invoking equitable consideration must approach with clean hands.

**141.** Plaintiff submits himself to the Court's equitable direction.

**142.** Plaintiff is prepared to provide truthful verification, private identity information, relationship evidence, and appropriate assurances required for complete review.

**143.** Plaintiff asks that the Respondents likewise provide a complete, candid, verified, and particularized account of the authority they assert, supervise, maintain, or enforce and the property they possess, control, transferred, used, or withheld.

## Equitable Accounting of Custodial Authority

**144.** Plaintiff requests an equitable accounting of the authority presently relied upon to restrain d.d.d.

**145.** The accounting should identify each natural person or entity in the asserted custodial chain.

**146.** The accounting should identify the original source of the asserted authority.

**147.** The accounting should identify each subsequent transfer, delegation, communication, acceptance, execution, and continuation of that authority.

**148.** The accounting should state the present factual basis upon which custody continues.

**149.** The accounting should distinguish original authority from later administrative implementation.

**150.** The accounting should identify any condition, limitation, expiration, satisfaction, alteration, suspension, omission, irregularity, or defect affecting the asserted authority.

**151.** The accounting should disclose whether the immediate custodian independently examined the authority upon which continued restraint is maintained.

**152.** The accounting should identify the natural person presently responsible for determining whether custody continues or ends.

**153.** The accounting should include the complete instruments and records actually relied upon rather than summaries or conclusory descriptions.

## Request for Custodial Return

**154.** Plaintiff requests that the natural person presently serving as Warden of FCI Coleman Camp provide a complete and verified custodial return concerning d.d.d.

United States District Court for the District of Columbia

155. The custodial return should identify d.d.d. sufficiently for the Court's private review while preserving the public protective designation.

156. The custodial return should state when physical custody began.

157. The custodial return should state who delivered, transferred, directed, communicated, or authorized the custody.

158. The custodial return should identify every instrument presently relied upon to continue custody.

159. The custodial return should attach or reproduce the complete operative instruments.

160. The custodial return should identify every discrepancy, omission, ambiguity, alteration, or unresolved question appearing within the custodial record.

161. The custodial return should identify the natural person presently capable of directing release or terminating the restraint.

162. The custodial return should state whether any independent examination of the asserted authority has occurred since custody began.

163. The custodial return should state whether the immediate custodian claims personal knowledge that the restraint is presently supported by sufficient authority.

164. The custodial return should identify whether d.d.d. is considered a civilian.

165. The custodial return should identify whether d.d.d. has been designated or treated as an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force.

166. If any such designation or treatment exists, the return should identify its source, author, factual foundation, date, purpose, present effect, and every person who adopted or relied upon it.

## Order to Show Cause Concerning Claimed Enemy Status

167. Plaintiff requests that each Respondent show cause why d.d.d. should not be recognized and treated as a civilian and non enemy combatant.

168. Each Respondent should state directly whether that Respondent claims that d.d.d. is: (a) an enemy; (b) an enemy combatant; (c) a belligerent; (d) an agent or member of an enemy force; (e) a person acting under hostile military direction; or (f) a person outside the protections ordinarily owed to a civilian.

169. If any such claim is made, the asserting Respondent should identify every specific fact upon which the claim depends.

170. The response should identify any alleged hostile act, enemy affiliation, military direction, belligerent mission, armed conduct, or enemy command relationship.

171. The response should distinguish evidence from conclusion.

172. The response should distinguish personal knowledge from assumption, information, belief, or administrative repetition.

173. The response should identify the natural person who first created, made, communicated, approved, or adopted the asserted designation.

174. The response should identify every instrument, communication, record, directive, or determination in which the designation appears.

175. The response should state whether the designation is presently relied upon to maintain, justify, intensify, or defend the restraint.

176. Plaintiff further requests that each Respondent state whether that Respondent claims John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force.

Page 8

United States District Court for the District of Columbia

**177.** If such a claim is made against John Doe, the asserting Respondent should identify every specific act, communication, affiliation, instruction, mission, command relationship, or hostile purpose relied upon.

**178.** If no Respondent claims that d.d.d. or John Doe possesses enemy character, Plaintiff requests that Respondents proceed consistently with their civilian and non enemy character.

**179.** Silence, refusal to answer, vague conclusions, unsupported labels, or unexplained classifications should not be accepted as an adequate showing of enemy character.

## Respondent Jeanine Ferris Pirro

**180.** Plaintiff requests that Jeanine Ferris Pirro identify the nature and extent of any personal participation, supervision, communication, assertion, approval, reliance, defense, or responsibility concerning the continuing restraint.

**181.** Plaintiff requests identification of every source of authority personally relied upon.

**182.** Plaintiff requests identification of every material communication made or received concerning whether the restraint should continue.

**183.** Plaintiff requests identification of any act or omission by which the restraint was supported, defended, continued, supervised, or represented as valid.

**184.** Plaintiff requests a direct statement identifying whether this Respondent presently asserts that d.d.d.'s restraint should continue.

**185.** Plaintiff requests a direct statement identifying whether this Respondent claims that d.d.d. or John Doe possesses any enemy character.

**186.** Should either continued restraint or enemy character be asserted, Plaintiff requests a complete and verified statement of the factual and equitable basis for that assertion.

**187.** Plaintiff further requests that this Respondent identify and account for any property of d.d.d. that came within her possession, control, supervision, direction, knowledge, or asserted authority.

## Respondent Todd Blanche

**188.** Plaintiff requests that Todd Blanche identify the nature and extent of any personal participation, supervision, communication, assertion, approval, reliance, defense, or responsibility concerning the continuing restraint.

**189.** Plaintiff requests identification of every source of authority personally relied upon.

**190.** Plaintiff requests identification of every material communication made or received concerning whether the restraint should continue.

**191.** Plaintiff requests identification of any act or omission by which the restraint was supported, defended, continued, supervised, or represented as valid.

**192.** Plaintiff requests a direct statement identifying whether this Respondent presently asserts that d.d.d.'s restraint should continue.

**193.** Plaintiff requests a direct statement identifying whether this Respondent claims that d.d.d. or John Doe possesses any enemy character.

**194.** Should either continued restraint or enemy character be asserted, Plaintiff requests a complete and verified statement of the factual and equitable basis for that assertion.

**195.** Plaintiff further requests that this Respondent identify and account for any property of d.d.d. that came within his possession, control, supervision, direction, knowledge, or asserted authority.

United States District Court for the District of Columbia

## Immediate Custodial Respondent

**196.** The natural person presently serving as Warden of FCI Coleman Camp exercises immediate physical control over d.d.d.

**197.** The Warden is therefore capable of producing d.d.d., identifying the custodial record, preserving relevant evidence, accounting for property, and carrying out relief.

**198.** Plaintiff requests preservation of all records concerning the admission, transfer, classification, custody, restraint, communications, directives, property, and asserted authority relating to d.d.d.

**199.** Plaintiff requests that no relevant record or item of property be destroyed, altered, withheld, transferred, concealed, dissipated, converted, or rendered inaccessible while this matter remains under review.

**200.** Plaintiff requests that the Warden identify any natural person who instructed, requested, directed, authorized, supervised, or influenced the continuation of custody or the handling of d.d.d.'s property.

**201.** Plaintiff requests that the Warden state whether any conflict, omission, irregularity, uncertainty, or defect exists within the records relied upon.

**202.** Plaintiff requests that the Warden state whether d.d.d. is presently treated as a civilian or under any enemy, belligerent, military, hostile, or exceptional characterization.

**203.** Plaintiff requests that the Warden immediately inform the Court should the asserted custodial authority be incomplete, unclear, unsupported, expired, satisfied, defective, or otherwise incapable of sustaining continued restraint.

## Property Connected With the Restraint

**204.** The restraint of d.d.d. may have involved the seizure, retention, transfer, control, use, withholding, alteration, loss, or disposition of property belonging to d.d.d. or held for his benefit.

**205.** For purposes of this complaint, "property connected with the restraint" includes all tangible and intangible property taken, received, retained, controlled, transferred, withheld, used, or affected in connection with the restraint.

**206.** Such property includes money, funds, accounts, credits, financial instruments, personal effects, clothing, jewelry, books, papers, photographs, correspondence, identification documents, credentials, records, certificates, files, telephones, computers, electronic devices, storage media, digital files, account information, mail, communications, legal materials, private writings, confidential documents, vehicles, equipment, tools, business property, household property, property held by another person or entity for the benefit of d.d.d., and all proceeds, substitutions, replacements, products, earnings, increases, or other value derived from such property.

**207.** Plaintiff requests a complete equitable accounting identifying all property connected with the restraint.

**208.** The accounting should identify each item of property taken, received, retained, controlled, transferred, withheld, used, altered, lost, destroyed, or disposed of.

**209.** The accounting should state the date and place the property was taken or received; the natural person who took, received, inventoried, transferred, or authorized control over it; the reason asserted for taking or retaining it; every person, office, institution, contractor, custodian, or entity that possessed or controlled it; every transfer, release, use, conversion, alteration, destruction, or disposition affecting it; the property's present location, condition, and custodian; whether the property remains intact and available for return; whether any proceeds, substitutions, earnings, or other benefits were derived from it; and the natural person presently capable of returning the property or directing its return.

United States District Court for the District of Columbia

**210.** The accounting should be supported by complete inventories, receipts, logs, photographs, transfer records, chain of custody records, communications, authorizations, storage records, disposition records, and other materials concerning the property.

**211.** Each Respondent should identify any property of d.d.d. that came within that Respondent's possession, custody, control, supervision, direction, knowledge, or authority.

**212.** Each Respondent should identify every act taken concerning such property and every natural person or entity to whom the property was delivered, transferred, assigned, entrusted, or disclosed.

**213.** Plaintiff requests preservation of all property connected with the restraint pending complete review.

**214.** No Respondent, custodian, agent, contractor, institution, or person acting in concert with a Respondent should destroy, alter, conceal, dissipate, transfer, encumber, use, convert, dispose of, or render unavailable any such property.

**215.** Plaintiff requests the immediate return of all property belonging to d.d.d. for which no sufficient present basis for continued retention is established.

**216.** Property capable of physical return should be returned in substantially the same condition in which it was taken, subject only to ordinary wear that is fully disclosed and accounted for.

**217.** Money, funds, proceeds, credits, or other value should be returned together with any traceable increases, earnings, substitutions, or benefits derived from them.

**218.** Where property has been lost, destroyed, transferred beyond recovery, consumed, altered, or converted, the person responsible should provide a complete verified explanation and account for the property's value and disposition.

**219.** The return of property should not be avoided through transfer to another custodian, institution, contractor, office, natural person, or entity.

**220.** Equity regards substance rather than form and may require a person who received, controlled, transferred, used, or benefited from property to disclose, preserve, restore, return, or account for it.

**221.** Plaintiff requests complete relief concerning both the restraint of d.d.d.'s person and the property affected by or connected with that restraint.

## Property Accounting by the Immediate Custodian

**222.** The natural person presently serving as Warden of FCI Coleman Camp should provide a complete inventory and accounting of all property received with d.d.d., taken from d.d.d., held for d.d.d., delivered to d.d.d., withheld from d.d.d., or transferred during the custody.

**223.** The Warden should identify all property presently maintained in storage, trust, inventory, evidence, mail, records, personal property, financial, electronic, or other custodial systems associated with d.d.d.

**224.** The Warden should identify any property transferred to or received from another institution, custodian, office, contractor, natural person, or entity.

**225.** The Warden should identify any property claimed to be lost, abandoned, destroyed, prohibited, forfeited, unclaimed, converted, or otherwise unavailable.

**226.** For every unavailable item, the Warden should identify the person responsible, the asserted reason, the date of disposition, the authority relied upon, the records created, and the property's value.

**227.** The Warden should preserve the property and associated records until the Court completes review and directs its proper disposition.

## Preservation of the Subject Matter

**228.** The liberty of d.d.d. and the property connected with the restraint are central subjects of this proceeding.

United States District Court for the District of Columbia

**229.** Relevant records, communications, instruments, classifications, property, and custodial materials are necessary for complete review.

**230.** Plaintiff requests preservation of the person, property, records, evidence, communications, instruments, and custodial chain involved.

**231.** Plaintiff requests that d.d.d. not be transferred in a manner that frustrates review, separates the immediate custodian from the proceeding, conceals relevant records or property, or prevents effective relief.

**232.** Plaintiff requests that any contemplated transfer be disclosed to the Court before it occurs, except where immediate necessity makes prior disclosure impossible.

**233.** Plaintiff requests that access necessary for preparation, communication, and verification of this matter not be obstructed.

**234.** Plaintiff requests preservation sufficient to ensure that the Court can accomplish complete justice rather than incomplete or ineffective relief.

## Need for Prompt Review

**235.** The restraint is continuing.

**236.** The injury is renewed each day.

**237.** The information necessary to explain the restraint, any asserted enemy characterization, and the handling of property is primarily within the possession or control of the Respondents.

**238.** Prompt review is necessary to determine whether the restraint rests upon a complete and presently sufficient foundation.

**239.** Prompt review is also necessary to determine whether d.d.d. has been treated consistently with his civilian and non enemy character and whether property connected with the restraint has been lawfully retained, preserved, and accounted for.

**240.** Plaintiff requests that Respondents answer specifically rather than through general denials, labels, summaries, classifications, or unsupported conclusions.

**241.** Plaintiff requests that the Court examine the actual instruments, evidence, communications, classifications, property records, and conduct upon which custody and property retention depend.

**242.** Plaintiff requests priority consideration proportionate to the continuing loss of liberty and risk of loss, transfer, alteration, or dissipation of property.

## Prayer for Equitable Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

**A.** Accept this verified constitutional complaint in equity for review;

**B.** Recognize Plaintiff's protective designation as John Doe pending further direction;

**C.** Recognize the initials d.d.d. as the protective public designation of the restrained civilian;

**D.** Protect the identities of John Doe and d.d.d. from unnecessary public disclosure;

**E.** Permit identifying and relationship information to be submitted privately where necessary;

**F.** Recognize Plaintiff's appearance as Next Friend because Plaintiff personally knows d.d.d., has a genuine and direct relationship with him, and appears because d.d.d. is presently restrained and lacks the practical freedom to present the matter fully himself;

**G.** Recognize d.d.d. as a civilian and non enemy combatant unless a Respondent establishes a particularized factual basis for a contrary characterization;

**H.** Recognize John Doe as a civilian, Private Citizen, and non enemy person appearing solely as Next Friend;

United States District Court for the District of Columbia

**I.** Direct each Respondent to state whether that Respondent claims that d.d.d. or John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force;

**J.** Require any Respondent making such a claim to identify the complete factual basis, evidence, records, communications, direction, affiliation, mission, and natural persons responsible for that claim;

**K.** Direct Respondents to show cause why d.d.d. should not receive the meaningful process owed to a civilian and non enemy combatant;

**L.** Examine the distinction reflected in Ex parte Milligan and Ex parte Quirin according to the actual character, conduct, allegiance, direction, mission, and circumstances of d.d.d.;

**M.** Reject any implied, presumed, unexplained, or unsupported enemy characterization;

**N.** Direct the natural person presently serving as Warden of FCI Coleman Camp to provide a complete and verified custodial return;

**O.** Direct each Respondent to identify the authority personally asserted, exercised, supervised, communicated, relied upon, maintained, defended, or enforced concerning the restraint;

**P.** Require production of the complete instruments and records actually relied upon to maintain custody;

**Q.** Require an equitable accounting of the complete custodial chain;

**R.** Require identification of the natural person presently responsible for continuing or terminating the restraint;

**S.** Require each Respondent to identify all property connected with the restraint of d.d.d.;

**T.** Require a complete and verified accounting of all tangible and intangible property taken, received, retained, controlled, transferred, withheld, used, altered, lost, destroyed, or disposed of in connection with the restraint;

**U.** Require production of all inventories, receipts, logs, chain of custody records, transfer records, storage records, communications, authorizations, and disposition records concerning such property;

**V.** Direct preservation of all property and records connected with the restraint;

**W.** Restrain the destruction, concealment, transfer, dissipation, conversion, alteration, encumbrance, use, or disposition of such property pending complete review;

**X.** Direct the immediate return of all property belonging to d.d.d. for which no sufficient present basis for continued retention is established;

**Y.** Direct the return of all money, funds, proceeds, substitutions, earnings, increases, or benefits derived from property belonging to d.d.d.;

**Z.** Require a verified explanation and full accounting for any property claimed to be lost, destroyed, transferred, consumed, converted, abandoned, forfeited, or otherwise unavailable;

**AA.** Identify the natural person presently responsible for possessing, controlling, preserving, accounting for, or returning each item of property;

**AB.** Prevent avoidance of return or accounting through transfer of property to another person, custodian, institution, office, contractor, or entity;

**AC.** Restore to d.d.d. all property, proceeds, records, effects, and value that complete equity requires be returned;

**AD.** Preserve all records, communications, classifications, instruments, evidence, custodial information, and property relating to d.d.d.;

**AE.** Prevent any action designed or likely to frustrate the Court's review or ability to provide complete relief;

**AF.** Direct that any material change in custody, location, authority, classification, asserted basis of restraint, possession of property, or property condition be promptly disclosed;

United States District Court for the District of Columbia

**AG.** Examine the substance and present sufficiency of the asserted custodial authority and any asserted basis for continued property retention;

**AH.** Conduct prompt equitable review proportionate to the continuing restraint of liberty;

**AI.** Direct production of d.d.d. where necessary for complete examination;

**AJ.** Terminate the restraint should the persons maintaining it fail to establish a sufficient present basis for its continuation;

**AK.** Direct such corrective conduct as is necessary to restore and protect the liberty and property placed before the Court;

**AL.** Retain equitable supervision until all directed relief, including accounting, preservation, restoration, and return of property, has been fully performed; and

**AM.** Grant such other and further equitable relief as complete justice requires.

**Affirmation Under Penalty of Perjury**

I, John Doe, a Private Citizen and natural person appearing as Next Friend for d.d.d., solemnly affirm under penalty of perjury that I have read the foregoing Verified Constitutional Complaint in Equity and that all factual statements and allegations contained herein are true and correct to the best of my personal knowledge, information, understanding, direct communication, and good faith inquiry. Where a matter is stated upon information and belief, I affirm that it is presented in good faith after reasonable inquiry and is believed to be true and correct.

Respectfully submitted,

**John Doe**

A Private Citizen and natural person

Proceeding under a protective designation

As Next Friend for d.d.d.

Date: _July 19, 2026_

Signature: _J.D._

Contact information submitted privately or under protective cover.

United States District Court for the District of Columbia

## Verification of John Doe

I, John Doe, a Private Citizen and natural person appearing as Next Friend for d.d.d., verify that I have read the foregoing complaint.

I personally know d.d.d. through a longstanding, direct, genuine, and continuing relationship.

I have maintained direct communication with d.d.d. and possess personal knowledge of his present restraint, circumstances, civilian character, expressed interests, and practical inability to prepare and pursue this matter with the freedom available to an unrestrained person.

The public name "John Doe" protects my identity.

The initials "d.d.d." protect the identity of the restrained civilian whom I represent as Next Friend.

Under penalty of perjury, I solemnly affirm that all factual statements and allegations contained in this complaint are true and correct to the best of my personal knowledge, information, understanding, direct communication, and good faith inquiry. Where a matter is stated upon information and belief, I affirm that it is presented in good faith after reasonable inquiry and is believed to be true and correct.

Executed on: *July 19, 2026*
Place: *United States of America*
Signature: *J.D.*
**John Doe**
A Private Citizen and natural person
As Next Friend for d.d.d.

Acknowledged by d.d.d.:      *d.d.d.*